IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARSHALL RAY PARTAIN | § | |
| | § | |
| V. | § | A-21-CV-829-RP |
| | § | |
| OFFICER JASON HALLMARK | § | |
| and OFFICER SHARDAY MELERO | § | |

## ORDER

Before the Court are Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983, Plaintiff's

Motion for Judgment on the Pleadings, Defendants' Motion for Summary Judgment, Plaintiff's

response, Defendant's reply, and the supplemental responses filed by both parties. Plaintiff,

proceeding *pro se*, has been granted leave to proceed *in forma pauperis*. After consideration of the

above-referenced pleadings, the Court grants summary judgment in favor of Defendants.

## I. BACKGROUND

At the time Plaintiff filed his original complaint, he was confined in the Travis County

Correctional Complex. During the pendency of this lawsuit, which was filed in September 2021,

Plaintiff was transferred to a halfway house in Travis County and apparently released. He was later

arrested and confined in Williamson County. After discharging a short sentence in Williamson

County, he was arrested in Hays County. Public records indicate the Hays County District Attorney

declined to prosecute Plaintiff, and Plaintiff was released on July 7, 2022. On July 28, 2022, the

Court received notice from Plaintiff that he was confined in the Travis County Correctional

Complex, presumably pending the revocation of his parole. On September 12, 2022, Plaintiff

confirmed his parole was revoked and he was returned to the Texas Department of Criminal Justice -

Correctional Institutions Division (TDCJ).

In his complaint, Plaintiff alleges Officers Hallmark and Melero arrested him on October 4,

2019, for resisting arrest and public intoxication, and seized his bicycle.  At the time of his arrest,

Plaintiff was on parole.  Plaintiff indicates his parole was revoked and he was returned to TDCJ for

approximately 14 months.

Plaintiff asserts, after his release from TDCJ, he was charged with the theft of his own

bicycle.  According to Plaintiff, Officer Melero ran the bicyclye's serial number and falsely claimed

that the bicycle was stolen from Miami, Florida.  Plaintiff asserts the "bogus charge" was dismissed,

but police did not return the bicycle he values at $168.00.

Plaintiff sues Officers Hallmark and Melero.  He requests the Court to enjoin the City of

Austin or the Austin Police Department from harassing him about his bike and to return his bike.

He also seeks $25,000 in compensatory damages and $25,000 in punitive damages.

Plaintiff moves the Court for a judgment on the pleadings.  He contends the defendants'

answer to his complaint is insufficient.  Plaintiff makes clear his complaint against the officers is for

taking his bike and failing to return it.

## II.  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants move for summary judgment and assert their entitlement to qualified immunity.

They provide the Court with videos of Plaintiff's arrest.

The summary judgment evidence shows Defendants responded to an Urgent Check Welfare

call.  Plaintiff made the call and stated he was suicidal and wanted to be shot by police.  Defendant

Hallmark, a mental health officer, arrived on scene and advised Plaintiff he wanted to take him to

the hospital. Plaintiff's demeanor changed and became aggressive when Defendant Hallmark would not allow Plaintiff to continue drinking beer in the convenience store's parking lot. Defendants arrested Plaintiff for public intoxication and resisting arrest.

At the time of his arrest, Plaintiff expressed concern over his bicycle. Defendants informed Plaintiff they would take his bicycle for safekeeping. Due to Plaintiff's agitated state, Defendant Hallmark transported Plaintiff to jail rather than a hospital, and Defendant Melero transported the bicycle to the police station.

Later, Defendant Melero ran a background check on the serial number attached to the bicycle. The bicycle was identified as stolen by the National Crime Information Center (NCIC) through the Miami Police Department. Defendant Melero submitted the bicycle as evidence at the East Substation. She states she completed a Class B Cite and Release Citation for the theft of the bicycle. She claims the citation was acknowledged and signed by Plaintiff. Defendant Hallmark avers he submitted probable cause affidavits for Resisting Arrest, Class A, and Public Intoxication, Class C, along with the Cite and Release Citation for the bicycle.[1] Neither officer is aware of any further contact or interaction with Plaintiff or any matters related to him after their involvement on October 4, 2019.

Defendants claim they acted reasonably when they detained Plaintiff. They also claim it was reasonable for Defendant Melero to follow usual police methods to run a background check on the

---

[1] Defendants did not include the citation in the summary judgment evidence. In their response to Plaintiff's Motion to Compel, Defendants state the original and all copies of the Cite and Release Citation were disposed of in accordance with the regular document retention practices of APD and the Travis County Clerk's Office.

serial number of the bicycle and submit the bicycle as evidence when she was advised the bicycle was identified as stolen.

### III. PLAINTIFF'S RESPONSE

In his response, Plaintiff asserts Defendants' motion should be denied as untimely.[2]  Plaintiff denies Defendant Melero issued a Cite and Release Citation and points out the citation is not included in the summary judgment evidence. Plaintiff also asserts that the true serial number of the bicycle is engraved in the metal frame and the police relied on the serial number on a sticker on the bicycle.  Finally, Plaintiff argues Defendants failed to prove that the bicycle was stolen in Miami.

The Court granted Plaintiff an extension to file additional summary judgment evidence. Plaintiff submitted the affidavit of Ms. Alaya Selby, the mother of Plaintiff's daughter.  She states she purchased the bicycle in question for Plaintiff.  She further states she purchased the bicycle at Walmart #1129 for $160.21 on or about September 8, 2019.  According to Plaintiff, Ms. Selby purchased the bicycle shortly after his release from prison so that he would have transportation for work.

### IV. DEFENDANTS' REPLY

Upon receipt of Ms. Selby's affidavit, counsel for Defendants notified Plaintiff that his bicycle is available to be released by the Austin Police Department to Plaintiff or an authorized representative.

---

[2] Defendants' motion is timely.  May 30, 2022, was a federal holiday.  Therefore Defendants' motion was due on May 31, 2022, the day it was filed.

**V. ANALYSIS**

A.      Summary Judgment Standard

"Summary judgment must be granted 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Trammell v. Fruge*, 868 F.3d 332, 338 (5th Cir. 2017) (quoting FED. R. CIV. P. 56(a)).  The court views the facts in the light most favorable to the non-moving party and draw all reasonable inferences in the non-movant's favor.  *Hanks* v. *Rogers*, 853 F.3d 738, 743 (5th Cir. 2017) (quoting *Deville v. Marcantel*, 567 F.3d 156, 163–64 (5th Cir. 2009)).

"A qualified immunity defense alters the usual summary judgment burden of proof.  Once an official pleads the defense, the burden then shifts to the plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Id.* at 744 (quoting *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010)).

B.      Qualified Immunity

"Qualified immunity shields public officials sued in their individual capacities from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Kokesh v. Curlee*, 14 F.4th 382, 391 (5th Cir. 2021) (cleaned up). "The qualified immunity inquiry includes two parts. In the first we ask whether the officer's alleged conduct has violated a federal right; in the second we ask whether the right in question was 'clearly established' at the time of the alleged violation, such that the officer was on notice of the unlawfulness of his or her conduct." *Cole v. Carson*, 935 F.3d 444, 451 (5th Cir. 2019) (*en banc*). The court need not decide the first question before the second, and

it may decide the case solely on the basis that the right was not clearly established.  *Pearson v.*

*Callahan*, 555 U.S. 223, 236–37 (2009).

      C.      <u>Constitutional Violations</u>

Plaintiff claims his bicycle was illegally seized and he was denied due process and equal

protection of the law.  Plaintiff fails to establish that Defendants violated his clearly established

constitutional rights.

The due process clause of the 14th Amendment protects citizens from acts of government

that "deprive any person of life, liberty or property, without due process of law[.]" U.S. CONST.

amend. XIV, § 1; *Daniels v. Williams*, 474 U.S. 327, 331 (1986).  In order to prove his due process

rights were violated, Plaintiff must show "that [he] has asserted a recognized liberty or property

interest within purview of Fourteenth Amendment and that [he] was intentionally or recklessly

deprived of that interest, even temporarily, under color of state law." *Doe v. Taylor Indep. Sch.*

*Dist.*, 15 F.3d 443, 450 (5th Cir.1994).

To state a claim under the Equal Protection Clause, a § 1983 plaintiff must either allege that

a state actor intentionally discriminated against him because of membership in a protected class or

he has been intentionally treated differently from others similarly situated and that there is no rational

basis for the difference in treatment. *Gibson v. Tex. Dep't of Ins.—Div. of Workers' Comp.*, 700 F.3d

227, 238 (5th Cir. 2012) (citation omitted).

At the time of his arrest, the police were faced with leaving Plaintiff's bicycle unattended in

the convenience store parking lot or taking the bicycle to the police station for safekeeping.  Neither

police officer violated Plaintiff's constitutional rights by taking the bicycle to the police station for

safekeeping.  Defendant Melero also did not violate Plaintiff's constitutional rights by turning the

bicycle in as evidence after she was notified the bicycle was reported stolen.  Neither officer had any involvement in the theft charge being filed in January 2021 and Plaintiff's attempts to reclaim his bicycle.  Additionally, Plaintiff makes no allegation that he is a member of a protected class or that he was treated in a manner different from other similarly situated individuals. Accordingly, both Defendants Hallmark and Melero are protected by qualified immunity and are entitled to summary judgment.

The Austin Police Department notified Plaintiff the bicycle in question is available to be released to Plaintiff or an authorized representative and described the procedure for release.  The Court advises Plaintiff to make arrangements with an authorized representative to retrieve his bicycle.  Plaintiff is not entitled to further relief.

It is therefore **ORDERED** that the Motion for Summary Judgment, filed by Defendants on May 31, 2022, is **GRANTED**.

It is further **ORDERED** that the Motion for Judgment on the Pleadings, filed by Plaintiff on April 20, 2022, is **DENIED**.

**SIGNED** on September 14, 2022.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE